IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ANTHONY JAMES CREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv407(JCC/JFA) |
| | ) | |
| COMMONWEALTH OF VIRGINIA, *et al*. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### **M E M O R A N D U M  O P I N I O N**

This matter is before the Court on Defendant Sheltercare Program's ("Sheltercare") Motion to Dismiss [Dkt. 16], Defendants Governor Terrence Richard McAuliffe ("McAuliffe") and the Commonwealth of Virginia's ("Commonwealth") Motion to Dismiss [Dkt. 25]. Defendant Eighteenth District Court Service Unit's ("Eighteenth District") Motion to Dismiss [Dkt. 37], and Defendant Elaine Buchavich's ("Buchavich") Motion to Dismiss [Dkt. 51]. Collectively, the Court will refer to these Defendants as "Defendants" and the motions they have filed as "Defendants' Motions to Dismiss." For the following reasons, the Court grants Defendants' Motions to Dismiss and dismisses Plaintiff's Second Amended Complaint [Dkt. 8] as against Defendants with prejudice.

1

## I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts below are taken from Plaintiff's Second Amended Complaint and the public record, and are accepted as true only for purposes of these motions.

In 1987, Plaintiff Anthony James Crews ("Crews" or "Plaintiff") was arrested and accused of drug possession. (Sec. Am. Compl. [Dkt. 12] at 6.) Because Plaintiff was 12 years old at the time, he was taken to a juvenile detention center. (*Id.*) Plaintiff alleges that he spent weeks there without receiving an attorney or being served any court papers. (*Id.*) When he was released, Plaintiff was taken to Defendant Sheltercare in Alexandria, Virginia. (*Id.*) Plaintiff stayed at Sheltercare for several months. (*Id.*)

After several months, Plaintiff was taken by his probation officer, Elaine Buchavich, and another, unidentified lady to Winchester Virginia to visit a school called Timber Ridge. (*Id.*) Plaintiff claims he was told he was going there to see if would like it. (*Id.*) During a tour of the school, Plaintiff was provided with lunch in the school's dining hall. (*Id.*) While he was eating lunch, Buchavich left. Plaintiff

claims that he "was left at the school for 2 years." (*Id.*)

Plaintiff claims that he was never advised of his rights in connection with his juvenile offense and his stay at Timber Ridge, and that he was denied any opportunity to see a judge or other official to plead his case. (*Id.*) Plaintiff claims that while he was at Timber Ridge, his "teeth were intentionally broken by the dentist." (*Id.* at 7.) Fillings were then put in place "to cover the damage." (*Id.*) Plaintiff claims that he received "little to no services" from Timber Ridge in the way of education, was denied a basic education, and that he was set back in school by 2 years during his time at Timber Ridge. (*Id.*) Plaintiff also claims that Timber Ridge deprived him of money he had earned while working in the dining hall. (*Id.* at 6-7.)

Finally, Plaintiff claims that at the end of his time at Timber Ridge, he "was not returned to [his] family and as a result mistreated, starved, and used for illegal activity that lead to a juvenile conviction as an adult in the State of Maryland." (*Id.*) Plaintiff claims that as a result of the wrongs he suffered at Timber Ridge, he "cannot find meaningful employment despite graduating college with a masters degree, as an adult." (*Id.*)

Plaintiff filed this lawsuit on April 12, 2016, alleging violations of his rights under the Fourth, Fifth,

3

Sixth, Seventh, and Twelfth Amendments. (Compl. [Dkt. 1], Sec. Am. Compl. at 4.) Plaintiff has responded to each of the Motions to Dismiss filed in this case, and a combined oral argument on the Motions to Dismiss was heard on July 7, 2016. The Motions to Dismiss are now all ripe for adjudication.

## II. Legal Standard

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted). While the court must accept well-pleaded allegations as true when ruling on a Rule 12(b)(6) motion, the court need not accept as true legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. In the instance where sufficient

facts are alleged in the complaint to rule on an affirmative defense, such as the statute of limitations, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original); *see also* 5B Wright & Miller, Federal Practice & Procedure § 1357.

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the Court's subject matter jurisdiction over the pending action. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. As relevant here, the assertion of immunity is properly addressed by the Court on a motion filed pursuant to Rule 12(b)(1). *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2001) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). In this instance, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). The burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219. "Federal courts are courts of limited jurisdiction, and we presume that a cause lies outside this limited jurisdiction.

The burden of establishing the contrary rests upon the party asserting jurisdiction." *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-84 (4th Cir. 2012).

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims. *See Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

### III. Analysis

As Plaintiff is proceeding *pro se* in this matter, the Court must construe his pleadings liberally. *See Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Plaintiff's Second Amended Complaint lists only Constitutional violations in the portion of the Second Amended Complaint identifying "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (Sec. Am. Compl. at 4.) Construing this liberally, the Court concludes that Plaintiff is filing suit pursuant to 42 U.S.C. § 1983, which "permits suit by a citizen who has been deprived of a right secured by the Constitution by a person

acting under color of state law." *Bonner v. Anderson*, 81 F.3d 472, 474 (4th Cir. 1996).

### A. Statute of Limitations

Generally, there is no federal statute of limitations applicable in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Suits filed pursuant to § 1983 are typically governed by the state statute of limitations for general personal injury cases in the state where the violation is alleged to have occurred. *Owens v. Okure*, 488 U.S. 235, 239-40 (1989). Virginia Code § 8.01-243(a) provides a two year statute of limitations for personal injury actions in the Commonwealth. Accordingly, in Virginia, "[w]ith regard to the § 1983 and equal-protection claims, the statute-of-limitations period for both is two years." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011).

Additionally, federal courts "are obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985). Virginia Code § 8.01-229(A)(1) provides that "[i]f a person entitled to bring any action is at the time the cause of action accrues an infant . . . such person may bring it within the prescribed limitation period after such disability is removed."

In other words, if a cause of action for personal injury accrues while an individual is under 18 years of age, Virginia's two year statute of limitations generally does not start to run until that individual becomes an adult at the age of 18 years. The individual then has two years from the day he turns 18 years old to file suit.

The last discernable actions allegedly taken by any of the Defendants described in Plaintiff's Second Amended Complaint took place sometime in the 2 years Plaintiff spent at Timber Ridge after he arrived there. Reading Plaintiff's Second Amended Complaint liberally, it appears that this must have been some time in or around 1990.[1] In his Second Amended Complaint, Plaintiff alleges that he was 12 years old in 1987. (Sec. Am. Compl. at 6.) Plaintiff therefore must have achieved his majority sometime during 1993. Plaintiff does not allege that he was otherwise incapacitated during the intervening years between 1993 and the filing of this lawsuit on April 12, 2016. Accordingly, the two year statute of limitations on Plaintiff's § 1983 claims began to run sometime in 1993 and expired sometime in 1995.

---

[1] The Court reached this year by allowing for the passage of "several months" at Sheltercare after Plaintiff's 1987 arrest for drug possession and the passage of an additional "2 years" at Timber Ridge. (Sec. Am. Compl. at 5-6.)

The Court is sympathetic to Plaintiff's claim that he has been unable to secure representation or navigate the occasionally byzantine court system *pro se* prior to filing this lawsuit, and it recognizes that the lack of attorneys serving impoverished and minority communities is a serious and persistent problem in our society. (See Pl.'s Resp. [Dkt. 35], at 4.) However, even assuming that equitable tolling of the statute of limitations applied to § 1983 claims accruing in Virginia, Plaintiff has not alleged facts justifying its application in this case.[2] As it is clear from the face of

---

[2] "The Virginia Supreme Court has never used the term 'equitable tolling,' although it has indicated that a defendant might be equitably estopped from asserting a statute of limitations in exceptional circumstances." *Johnson v. Angelone*, No. Civ.A.300cv850, 2002 WL 32833434, at n.4 (E.D. Va. August 5, 2002).

> [A] party seeking to invoke the doctrine of estoppel must prove by clear, precise, and unequivocal evidence the following elements: (1) A material fact was falsely represented or concealed; (2) The representation or concealment was made with knowledge of the fact; (3) The party to whom the representation was made was ignorant of the truth of the matter; (4) The representation was made with the intention that the other party should act upon it; (5) The other party was induced to act upon it; and (6) The party claiming estoppel was misled to his injury.

*Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc.*, 221 Va. 81, 266 S.E. 2d 887, 889 (Va. 1980)(citations omitted). Plaintiff makes no allegation that his delay in filing this lawsuit was the result of any affirmative steps by a

Plaintiff's complaint that his claims are time-barred, the Court dismisses Plaintiff's Second Amended Complaint as to all Defendants who have filed the Motions to Dismiss addressed herein.  As any subsequent amendment to Plaintiff's Second Amended Complaint would be futile in curing the statute of limitations issues discussed above, the Second Amended Complaint is dismissed with prejudice as to the Defendants who have filed these Motions to Dismiss.  *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va 2013).

Although the statute of limitations issue is clear from the face of the complaint, is common to each of the pending Motions to Dismiss addressed herein, and is sufficient to dismiss Plaintiff's Second Amended Complaint as to each of the Defendants addressed by this Memorandum Opinion, the Court will now address some of Defendants' other arguments as alternative grounds for dismissal.

B.   Eleventh Amendment Immunity of Commonwealth

The Eleventh Amendment of the United States Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or subjects of any

---

Defendant to conceal or misrepresent any facts, nor can such a claim be inferred from even a liberal reading of his complaint.

Foreign State." U.S. CONST. Amend. XI. Although lacking express language to this effect, the Eleventh Amendment "has been interpreted to bar suits brought by a citizen against his own state." *Equity in Ath., Inc. v. Dep't of Educ.*, 639 F.3d 91, 107 n.12 (4th Cir. 2011); *see also Hans v. Louisiana*, 134 U.S. 1, 18-21 (1890). The Eleventh Amendment prevents non-consenting States from being sued by private citizens in federal courts. *Bd. Of Trustees of Univ. Ala. v. Garrett*, 31 U.S. 356, 363 (2001); *See also Edelmen v. Jordan*, 415 U.S. 651, 662-63 (1974). The Supreme Court has explicitly held that 42 U.S.C. § 1983 does not destroy, waive, or preempt the Eleventh Amendment immunity of the States. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Accordingly, those Defendants entitled to Eleventh Amendment immunity who have raised it as a 12(b)(1) jurisdictional defense would be entitled to dismissal of Plaintiff's claims against them.

      The Commonwealth is clearly entitled to Eleventh Amendment immunity and has asserted that immunity in its Motion to Dismiss. Accordingly, Plaintiff's claims against the Commonwealth would be dismissed pursuant to Rule 12(b)(1).

      Defendant Eighteenth District is a sub-unit of the Virginia Department of Juvenile Justice ("DJJ"), an executive branch agency of the Commonwealth of Virginia. *See* Va. Cod Ann § 66-1 (creating the DJJ as an executive branch agency); Va.

Code Ann. § 16.1-233(A)(vesting the DJJ with the authority to create and administer court services units within the department).  Accordingly, as a constituent part of an agency of the Commonwealth, Defendant Eighteenth District is an arm of the state and is also entitled to Eleventh Amendment immunity.  *See Muwunge v. Dep't of Juvenile Justice*, No. 3:13cv00438, 2014 U.S. Dist. LEXIS 136366, at *7-8 (E.D. Va. Sep. 24, 2014)("DJJ is an agency of the Commonwealth and consequently an arm of the state")(citing *Meredith-Clinevell v. Dep't of Juvenile Justice*, 344 F. Supp. 2d 951, 954 (W.D. Va. 2004)).  Plaintiff's claims against Defendant Eighteenth District would therefore also be dismissed pursuant to Rule 12(b)(1).

        C.   Some Defendants Not "Persons" Under § 1983

In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989), the Supreme Court held that neither States nor officials acting in their official capacity are "persons" for purposes of 42 U.S.C. § 1983.  As § 1983 provides a cause of action only against "[e]very person" who deprives a citizen of their constitutional rights under color of state law, neither a State nor an official named in their official capacity can be sued under § 1983.  *Will*, 491 U.S. at 58.

No specific facts are alleged in Plaintiff's Second Amended Complaint regarding Governor McAuliffe's personal actions.  As the alleged actions constituting the substance of

12

Plaintiff's Amended Complaint took place in the 1980's, the Court concludes that Governor McAuliffe must be named in his official capacity.  Accordingly, as neither Governor McAuliffe in his official capacity nor the Commonwealth are susceptible to suits brought under § 1983, Plaintiff's claims against them would be dismissed on this basis as well.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss.  Plaintiff's Second Amended Complaint is dismissed with prejudice as to Defendants Sheltercare Program, Governor Terrence Richard McAuliffe, Commonwealth of Virginia, Eighteenth District Court Service Unit, and Elaine Buchavich.

An appropriate Order shall issue.

/s/
_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

July 14, 2016
Alexandria, Virginia