IN THE UNITED STATES DISTRICT COURT FOR THE
                        EASTERN DISTRICT OF VIRGINIA

                              Alexandria Division

| | |
|---|---|
| ANTHONY JAMES CREWS,           ) | |
|                                ) | |
|     Plaintiff,                 ) | |
|                                ) | |
|         v.                     ) | 1:16cv407(JCC/JFA) |
|                                ) | |
| COMMONWEALTH OF VIRGINIA, *et* ) | |
| *al*.                          ) | |
|                                ) | |
|     Defendants.                ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on Defendants United States Attorney Dana J. Boente ("Boente") and United States Attorney General Loretta E. Lynch's ("Lynch") Motion to Dismiss [Dkt. 68]. For the following reasons, the Court grants Defendants' Motion to Dismiss and dismiss Plaintiff Anthony James Crews' ("Crews" or "Plaintiff") Second Amended Complaint [Dkt. 8] with prejudice as against the aforementioned Defendants.

### I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts below are taken from Plaintiff's Second Amended

1

Complaint and the public record, and are accepted as true only for purposes of this motion.

In 1987, Plaintiff was arrested and accused of drug possession. (Am. Compl. at 6.) Because Plaintiff was 12 years old at the time, he was taken to a juvenile detention center (*Id.*) Plaintiff alleges that he spent weeks there without receiving an attorney or being served any court papers. (*Id.*) When he was released, Plaintiff was taken to Defendant Sheltercare in Alexandria, Virginia. (*Id.*) Plaintiff stayed at Sheltercare for several months. (*Id.*)

After several months, Plaintiff was taken by his probation officer, Elaine Buchavich, and another, unidentified lady to Winchester Virginia to visit a school called Timber Ridge. (*Id.*) Plaintiff claims he was told he was going there to see if would like it. (*Id.*) During a tour of the school, Plaintiff was provided with lunch in the school's dining hall. (*Id.*) While he was eating lunch, Buchavich left. Plaintiff claims that he "was left at the school for 2 years." (*Id.*)

Plaintiff claims that he was never advised of his rights in connection with his juvenile offense and his stay at Timber Ridge, and that he was denied any opportunity to see a judge or other official to plead his case. (*Id.*) Plaintiff claims that while he was at Timber Ridge, his "teeth were intentionally broken by the dentist." (*Id.* at 7.) Fillings

2

were then put in place "to cover the damage." (*Id.*) Plaintiff claims that he received "little to no services" from Timber Ridge in the way of education, was denied a basic education, and that he was set back in school by 2 years during his time there. (*Id.*) Plaintiff also claims that he was deprived of money he had earned while working in the Dining Hall by Timber Ridge. (*Id.* at 6-7.)

Finally, Plaintiff claims that at the end of his time at Timber Ridge, he "was not returned to [his] family and as a result mistreated, starved, and used for illegal activity that lead to a juvenile conviction as an adult in the State of Maryland." (*Id.*) Plaintiff claims that as a result of the wrongs he suffered at Timber Ridge, he "cannot find meaningful employment despite graduating college with a masters degree, as an adult." (*Id.*)

Plaintiff filed this lawsuit on April 12, 2016, alleging violations of his rights under the Fourth, Fifth, Sixth, Seventh, and Twelfth Amendments. (Compl. [Dkt. 1], Sec. Am. Compl. at 4.) Defendants filed this Motion to Dismiss on July 8, 2016. Plaintiff filed his response to this motion to dismiss on July 13, 2016. Having been fully briefed, the Motion is now ripe for adjudication on the papers.

## II. Legal Standard

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the Court's subject matter jurisdiction over the pending action. Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "Federal courts are courts of limited jurisdiction, and we presume that a cause lies outside this limited jurisdiction. The burden of establishing the contrary rests upon the party asserting jurisdiction." *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-84 (4th Cir. 2012)(internal citations omitted). As relevant here, the assertion of immunity is properly addressed by the Court on a motion filed pursuant to Rule 12(b)(1). *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2001) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). In this instance, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted). While the court must accept well-pleaded allegations as true when ruling on a Rule 12(b)(6) motion, the court need not accept as true legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. In the instance where sufficient facts are alleged in the complaint to rule on an affirmative defense, such as the statute of limitations, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original); *see also* 5B Wright & Miller, Federal Practice & Procedure § 1357.

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced to

within the pleadings, and official public records pertinent to the plaintiff's claims. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

### III. Analysis

As Plaintiff is proceeding *pro se* in this matter, the Court must construe his pleadings liberally. *See Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)(citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Plaintiff lists only Constitutional violations in the portion of his Second Amended Complaint identifying "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (Sec. Am. Compl. at 4.) The Court has previously construed Plaintiff's complaint as a suit against state actors pursuant to 42 U.S.C. § 1983, which "permits suit by a citizen who has been deprived of a right secured by the Constitution by a person acting under color of state law." *Bonner v. Anderson*, 81 F.3d 472, 474 (4th Cir. 1996); *see Crews v. Commonwealth of Va.*, No. 1:16cv407 [Dkt. 74], 2016 WL 3763889, *3 (E.D. Va. July 14, 2016). While it is well settled that § 1983 applies only to actions taken under color of state law, federal actors can still face liability under § 1983 if they were abusing authority given to them by the

state. *Terrell v. Petrie*, 763 F.Supp. 1342, 1344 (E.D. Va. 1991)(citing *Hampton v. Hanrahan*, 600 F.2d 600, 623 (7th Cir. 1979), *rev'd on other grounds*, 446 U.S. 754 (1980), *reh'g denied* 448 U.S. 913 (1980); *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976); *Kletschka v. Driver*, 411 F.2d 436, 448-49 (2d Cir. 1969); *Behre v. Thomas*, 665 F.Supp. 89, 93 (D.N.H. 1987), *aff'd* 843 F.2d 1385 (1st Cir. 1988)). To the extent that Plaintiff's Second Amended Complaint alleges actions by the Defendants taken under color of federal law, his claim for constitutional violations can proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Whether Plaintiff's claims are considered as a § 1983 action or a *Bivens* action, monetary damages are unavailable against federal officials sued in their official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)(citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)). Neither Boente nor Lynch occupied their current posts when the actions identified in Plaintiff's Second Amended Complaint are alleged to have occurred, nor are Boente or Lynch alleged to have taken any actions personally. Accordingly, if the suit is construed as being against Boente and Lynch in their personal capacities, the Court must dismiss the suit for failure to state a claim as they are not alleged to have taken any of the actions forming the basis of Plaintiff's

7

claims. If the suit is construed as a suit against Boente and Lynch in their official capacities, the Court must dismiss the suit because monetary damages are not available under either § 1983 or *Bivens* against a federal official sued in their official capacity.[1]

Additionally, as discussed in this Court's previous Memorandum Opinion, the actions alleged in Plaintiff's Second Amended Complaint took place approximately 26 years ago and Plaintiff's claims are clearly time-barred. *Crews*, 2016 WL 3763889, *3. Because any amendment to Plaintiff's complaint would therefore be futile, the Court dismisses Plaintiff's Second Amended Complaint as to Defendants Boente and Lynch with prejudice. *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013)(citing *Glaser v. Enzo Biochem, Inc.*, 126 Fed. App'x 593, 602 (4th Cir. 2005)).

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. Plaintiff's Second Amended

---

[1] To the extent that Plaintiff's claims could be construed as alleging a cause of action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b) and § 2671 *et seq.*, the Defendant has failed to comply with the requirements of 28 U.S.C. § 2675 by failing to first present his claim to the appropriate federal agency. Any claim under the FTCA is also almost certainly time-barred for the reasons explained in this Court's prior opinion in this matter. (*See* Mem. Op. of July 14, 2016 [Dkt. 74].)

Complaint is dismissed with prejudice as to Defendants Dana J. Boente and Loretta E. Lynch.

        An appropriate Order shall issue.

                                                              /s/

| August 23, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |