```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


ANTHONY JAMES CREWS,              )
                                  )
     Plaintiff,                   )
                                  )
           v.                     )      1:16cv407(JCC/JFA)
                                  )
COMMONWEALTH OF VIRGINIA, et      )
al.                               )
                                  )
     Defendants.                  )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on Defendant Leary Educational Foundation, doing business as Timber Ridge School's ("Timber Ridge" or "Defendant") motion to dismiss [Dkt. 78]. For the following reasons, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's Second Amended Complaint [Dkt. 8] as against Timber Ridge with prejudice.

### I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts below are taken from Plaintiff's Second Amended Complaint and the public record, and are accepted as true only for purposes of this motion.

1

In 1987, Plaintiff was arrested and accused of drug possession. (Am. Compl. at 6.) Because Plaintiff was 12 years old at the time, he was taken to a juvenile detention center (*Id.*) Plaintiff alleges that he spent weeks there without receiving an attorney or being served any court papers. (*Id.*) When he was released, Plaintiff was taken to Sheltercare Program ("Sheltercare") in Alexandria, Virginia. (*Id.*) Plaintiff stayed at Sheltercare for several months. (*Id.*)

After several months, Plaintiff was taken by his probation officer, Elaine Buchavich ("Buchavich"), and another, unidentified woman to Winchester Virginia to visit a school called Timber Ridge. (*Id.*) Plaintiff claims he was told he was going there to see if he would like it. (*Id.*) During a tour of the school, Plaintiff was provided with lunch in the school's dining hall. (*Id.*) While he was eating lunch, Buchavich left. Plaintiff claims that he "was left at the school for 2 years." (*Id.*)

Plaintiff claims that he was never advised of his rights in connection with his juvenile offense and his stay at Timber Ridge, and that he was denied any opportunity to see a judge or other official to plead his case. (*Id.*) Plaintiff claims that while he was at Timber Ridge, his "teeth were intentionally broken by the dentist." (*Id.* at 7.) Fillings were then put in place "to cover the damage." (*Id.*) Plaintiff

2

claims that he received "little to no services" from Timber Ridge in the way of education, was denied a basic education, and that he was set back in school by 2 years during his time there. (*Id.*) Plaintiff also claims that he was deprived by Timber Ridge of money he had earned while working in the dining hall. (*Id.* at 6-7.)

Finally, Plaintiff claims that at the end of his time at Timber Ridge, he "was not returned to [his] family and as a result mistreated, starved, and used for illegal activity that lead to a juvenile conviction as an adult in the State of Maryland." (*Id.*) Plaintiff claims that as a result of the wrongs he suffered at Timber Ridge, he "cannot find meaningful employment despite graduating college with a masters degree, as an adult." (*Id.*)

Plaintiff filed this lawsuit on April 12, 2016, alleging violations of his rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments. (Compl. [Dkt. 1], Sec. Am. Compl. at 4.) On April 19, 2016, Plaintiff filed his Second Amended Complaint. Timber Ridge contends that they were not served with any of Plaintiff's filings until July 8, 2016. Timber Ridge filed this Motion to Dismiss, along with an accompanying *Roseboro* notice, on July 20, 2016. Plaintiff has not filed any opposition to this Motion. The motion was argued in court on August 25, 2016, and it is now

3

ripe for decision.

## II. Legal Standard

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  A motion pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the pending action. Fed. R. Civ. P. 12(b)(1).  The burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "Federal courts are courts of limited jurisdiction, and we presume that a cause lies outside this limited jurisdiction. The burden of establishing the contrary rests upon the party asserting jurisdiction."  *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-84 (4th Cir. 2012)(internal citations omitted).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted).  While the court must accept well-pleaded allegations as true when ruling on a Rule 12(b)(6) motion, the court need not accept as true legal conclusions disguised as factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. In the instance where sufficient facts are alleged in the complaint to rule on an affirmative defense, such as the statute of limitations, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original); *see also* 5B Wright & Miller, Federal Practice & Procedure § 1357.

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied upon, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

### III. Analysis

As Plaintiff is proceeding *pro se* in this matter, the Court must construe his pleadings liberally. *See Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)(citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Plaintiff lists only Constitutional violations in the portion of his Second Amended Complaint identifying "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (Sec. Am. Compl. at 4.) Construing this section of the Second Amended Complaint liberally, the Court concludes that Plaintiff is filing suit pursuant to 42 U.S.C. § 1983, which "permits suit by a citizen who has been deprived of a right secured by the Constitution by a person acting under color of state law." *Bonner v. Anderson*, 81 F.3d 472, 474 (4th Cir. 1996). The Court will first address Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) before turning to its analysis of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

A. Defendant's 12(b)(1) Motion

On April 19, 2016, two days prior to filing his Second Amended Complaint, Plaintiff filed a separate, "Amended Complaint" [Dkt. 7] with the Court alleging that Timber Ridge unlawfully retained $6,720 that Plaintiff had earned by working in the dining hall during his time at the School.  (Amended

Complaint [Dkt. 7], at 4.)  Construing this Amended Complaint liberally, it appears to be alleging a state law claim for conversion. *See Universal C.I.T. Credit Corp. v. Kaplan*, 92 S.E.2d 359, 365 (Va. 1956)(recognizing common law cause of action for conversion in Virginia).  The Amended Complaint identifies diversity of citizenship and 28 U.S.C. § 1332 as the basis of the Court's jurisdiction over that dispute.  (*Id.* at 1.)  Section 1332(a) provides that federal courts have original jurisdiction over civil actions between citizens of different states provided that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

> Timber Ridge correctly points out that diversity of citizenship is absent here and the amount identified by Plaintiff's Amended Complaint falls well below the jurisdictional floor of $75,000.  However, the actions described in Plaintiff's Amended Complaint are repeated in Plaintiff's Second Amended Complaint, which, as discussed above, will be treated as alleging a 42 U.S.C. § 1983 action, and correctly identifies 28 U.S.C. 1331 as conferring federal question jurisdiction over those claims to this Court.  Filing an amended complaint "supersedes the original [complaint] and renders it of no legal effect." *Jeffrey M. Brown Assoc., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202 (4th Cir. 2001)(quoting *Young v.*

*City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). Accordingly, Plaintiff's prior "Amended Complaint" has been superseded and effectively nullified by the subsequent filing of his Second Amended Complaint. Plaintiff's Second Amended Complaint alleges only federal causes of action, and jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331. The Court now turns to Defendant's Rule 12(b)(6) argument.

  B. <u>Defendant's 12(b)(6) Motion</u>

    Generally, there is no federal statute of limitations applicable in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Suits filed pursuant to § 1983 are typically governed by the state statute of limitations for general personal injury cases in the state where the violation is alleged to have occurred. *Owens v. Okure*, 488 U.S. 235, 239-40 (1989). Virginia Code § 8.01-243(a) provides a two year statute of limitations for personal injury actions in the Commonwealth. Accordingly, in Virginia, "[w]ith regard to the § 1983 and equal-protection claims, the statute-of-limitations period for both is two years." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011)(citing *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991)).

    Federal courts "are obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule

for tolling that statute of limitations." *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985). Virginia Code § 8.01-229(A)(1) provides that "[i]f a person is entitled to bring any action is at the time the cause of action accrues an infant . . . such person may bring it within the prescribed limitation period after such disability is removed." In other words, if a cause of action for personal injury accrues while an individual is under 18 years of age, Virginia's two year statute of limitations generally does not begin to run until that individual becomes an adult at the age of 18 years. The individual then has two years from the day he turns 18 years old to file suit.

The last discernable actions by Timber Ridge alleged in Plaintiff's Second Amended Complaint took place sometime in the 2 years Plaintiff spent at Timber Ridge after he arrived there. Reading Plaintiff's Second Amended Complaint liberally, it appears that this must have been some time in or around 1990.[1] In his Second Amended Complaint, Plaintiff alleges that he was 12 years old in 1987. (Sec. Am. Compl. at 6.) Plaintiff therefore must have achieved his majority sometime during 1993. Plaintiff does not allege that he was otherwise incapacitated

---

[1] The Court calculated this year by allowing for the passage of "several months" at Sheltercare after Plaintiff's 1987 arrest for drug possession and the passage of an additional "2 years" at Timber Ridge. (Sec. Am. Compl. at 5-6.)

during the intervening years between 1993 and his filing of this lawsuit on April 12, 2016. Accordingly, the two-year statute of limitations on Plaintiff's § 1983 claims began to run sometime in 1993 and expired sometime in 1995.

The Court once again wishes to express its sympathy for Plaintiff's difficulty in either securing representation or navigating the court system *pro se* prior to filing this lawsuit. (See Pl.'s Resp. [Dkt. 35], at 4.) But the Court must again conclude that even assuming that equitable tolling of the statute of limitations could apply to § 1983 claims accruing in Virginia, Plaintiff has not alleged facts justifying its application here.[2] As it is clear from the face of Plaintiff's

---

[2] "The Virginia Supreme Court has never used the term 'equitable tolling,' although it has indicated that a defendant might be equitably estopped from asserting a statute of limitations in exceptional circumstances." *Johnson v. Angelone*, No. Civ.A.300cv850, 2002 WL 32833434, at n.4 (E.D. Va. August 5, 2002).
> [A] party seeking to invoke the doctrine of estoppel must prove by clear, precise, and unequivocal evidence the following elements: (1) A material fact was falsely represented or concealed; (2) The representation or concealment was made with knowledge of the fact; (3) The party to whom the representation was made was ignorant of the truth of the matter; (4) The representation was made with the intention that the other party should act upon it; (5) The other party was induced to act upon it; and (6) The party claiming estoppel was misled to his injury.

complaint that his claims are time-barred, the Court dismisses Plaintiff's Second Amended Complaint as to Defendant Timber Ridge.  Because no further amendment of Plaintiff's Second Amended Complaint would be able to cure the time-bar issue, the Court dismisses Plaintiff's Second Amended Complaint as to Defendant Timber Ridge with prejudice.  *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013)(citing *Glaser v. Enzo Biochem, Inc.,* 126 Fed. App'x 593, 602 (4th Cir. 2005)).

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss.  Plaintiff's Second Amended Complaint is dismissed with prejudice as to Defendant Leary Educational Foundation, doing business as Timber Ridge School.

An appropriate Order shall issue.

/s/

September 8, 2016                         James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE

---

*Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc.*, 221 Va. 81, 266 S.E. 2d 887, 889 (Va. 1980)(citations omitted).  Plaintiff makes no allegation that his delay in filing this lawsuit was the result of any affirmative steps by a Defendant to conceal or misrepresent any facts, nor can such a claim be inferred from even a liberal reading of his complaint.

11